

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel Strom**
rachelstrom@dwt.com
**Jeremy Chase**
jeremychase@dwt.com

212-489-8230 tel
212-489-8340 fax

October 15, 2018

**VIA ECF & U.S. MAIL**

The Honorable William H. Pauley, III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *United States v. Cohen*, 18-cr-602 – Request to Unseal Materials

Dear Judge Pauley:

    This firm writes on behalf of various news organizations, specifically American Broadcasting Companies, Inc., the Associated Press, Cable News Network, Inc., Daily News, L.P., Dow Jones & Co., Inc., Newsday LLC, and NYP Holdings, Inc. (collectively, the "News Organizations").  We write to join in the October 11, 2018 request of The New York Times Company ("The Times") for an order, pursuant to the First Amendment and common law rights of public access, unsealing copies of the search warrants, search warrant applications, supporting affidavits, court orders, and returns on executed warrants in the above-referenced matter related to searches done on Defendant Michael Cohen's residence, hotel room, office, cell phones, and safe deposit boxes on April 9, 2018, as well as similar applications and supporting documents pertaining to searches of Mr. Cohen's electronic communications pursuant to 18 U.S.C. § 2703.  *See* Dkt. No. 9.

    As set forth in The Times' letter, the common law right of access requires that the search warrant materials be released.  *See In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990).  This is especially true here where there are no countervailing interests that could justify shielding these judicial documents from the public in light of the conclusion of the investigation, the guilty plea of Mr. Cohen, and the intense public interest in this case.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

    Though the Second Circuit has not yet weighed in on the issue, the same considerations informing application of the common law right access to search warrant materials leads to the conclusion that the First Amendment right of access also dictates public disclosure here.  *See*,

Anchorage  New York  Seattle
Bellevue   Portland  Shanghai
Los Angeles  San Francisco  Washington, D.C.

www.dwt.com

Hon. William H. Pauley, III
October 15, 2018
Page 2

*e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988); *In the Matter of the Application of The New York Times Company for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 94 (D.D.C. 2008).

      For these reasons, and those set forth in The Times' October 11, 2018 letter, the News Organizations respectfully request that the search warrant materials be released to the public, and that they be given an opportunity to reply to any submissions by the Government and/or Mr. Cohen in opposition and to otherwise be heard.[1]

                                 Respectfully submitted,

                                 Davis Wright Tremaine LLP

                                 */s/ Rachel Strom*

                                 Rachel Strom
                                 Jeremy Chase

cc:     Attorneys of Record (via ECF)

---

[1] The Government and Defendant oppose this request and pursuant to Your Honor's October 12, 2018 Order, the Government must file its opposition by October 26, 2018. (Doc. No. 10).

4852-3338-2520v.1 0050033-005133