

**David McCraw**
**Vice President &**
**Deputy General Counsel**

620 Eighth Avenue
New York, NY 10018
tel 212.556-4031
fax 212.556-4634
mccraw@nytimes.com

November 2, 2018

**VIA ECF**

Judge William H. Pauley, III
U.S. District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *United States v. Cohen*, 18-cr-602 – Motion to Unseal Materials

Dear Judge Pauley:

Interested party The New York Times Company ("The Times") submits this letter in further support of The Times's application for an order unsealing materials related to searches conducted in the above-referenced case (the "Materials").[1] In its response to The Times, the crux of the Government's position is that protection of individual privacy and the need for law enforcement confidentiality outweigh the public's common law right of access and that no First Amendment right of access attaches to the Materials. (The Government's Opposition to Non-Party The New York Times's Motion to Unseal Certain Search Warrant Materials ("Opposition"), Dkt. 14, at 7-9, 10-11.) The Government's argument falls far short of demonstrating that not a single word from the Materials can be released at this time.

---

[1] As set forth in our prior letter, The Times seeks copies of the search warrants, search warrant applications, supporting affidavits, court orders, and returns on executed warrants related to searches done on Michael Cohen's residence, hotel room, office, cell phones, and safe deposit boxes on April 9, 2018, as well as similar applications and supporting documents pertaining to searches of Mr. Cohen's electronic communications pursuant to 18 U.S.C. § 2703. (Dkt. 9, at 1.)

1

#63700

**The Government's Misapprehension of the Law**

The Government concedes that a common law right of access applies to search warrant materials and requires a balancing of the public's right of access against any countervailing interests. (Opposition, Dkt. 14, at 3-5.) The Government also concedes that redaction is an appropriate tool to make documents disclosable when a right of access is found. (Opposition, Dkt. 14, at 6-7.) The Government errs, however, in two respects in its summary of the law.

First, the Government fails to address the legal standard that applies to materials related to the Government's application to conduct searches of electronic communications pursuant to 18 U.S.C. § 2703. As set forth in our first letter, the Fourth Circuit, the sole circuit to have addressed access to Section 2703 materials, found that access should be analyzed under the First Amendment. (Dkt. 9, at 3 (citing *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013)).)

Second, the Government misconstrues the First Amendment's applicability to the remainder of the Materials. (*See* Opposition, Dkt. 14, at 10-11.) The qualified First Amendment right of access applies to judicial documents when a two-part test, based on "experience" and "logic," is satisfied. See *Press-Enterprise Co. v. Superior Court of California ("Press-Enterprise II")*, 478 U.S. 1, 8 (1986). Under the experience prong, the court considers whether the document has historically been open to the press and the public. *Id.* The logic prong concerns "whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* While the Government points out that search warrants have traditionally been obtained in secret (Opposition, Dkt. 14, at 11), that is not the relevant analysis here. The relevant analysis here is whether search warrant materials have been publicly accessible *at the conclusion of a criminal proceeding.* It is indisputable that a search of an individual's home or other premises by the Government is a sobering exercise of governmental authority at the expense of individual liberty, and the possibility of abuse is an inevitable concern. Public monitoring, like the court's own oversight, is a vital check to assure that the search comports with the law and represents a fair and sound use of the Government's power. That sort of public monitoring is the essence of the logic prong. *Press-Enterprise*, 478 U.S. at 13 (access plays a critical role in judicial system because the appearance of fairness is essential to public confidence). And, in respect to the second prong, addressing experience or history, the public has in fact enjoyed access to the materials following the conclusion of the prosecution, as The Times showed in its initial letter. (Dkt. 9, at 5.) As a result, the powerful First Amendment right of access attaches to the Materials and can be set aside only if the Government establishes that there is "an overriding interest based on finding that [sealing] is essential to preserve higher values and is narrowly tailored to serve the interest." *Press-Enterprise Co. v. Superior Court of California ("Press-Enterprise I")*, 464 U.S. 501, 510 (1984).

**The Failure of the Government's Factual Arguments**

Because much of the Government's argument is not available to The Times (*see* Opposition, Dkt. 14, at 1), we ask the Court to carefully scrutinize the sealed submission. That is especially necessary here where the public filing points to the inadequacies of the Government's position.

First, The Times has acknowledged that there may be privacy interests at stake. (Dkt. 9, at 4.) But the Government offers only hollow reasons as to why redaction, aimed at eliminating the identification of private-figure third parties in the papers, cannot be deployed to protect privacy. The Government first says that redaction would be "cumbersome" and "time-consuming," although it then acknowledges that redaction may not be so cumbersome and time-consuming at some point in the future. (Opposition, Dkt. 14, at 12.) That fact-free objection about burden is unavailing. When the law requires the production of documents, whether from a company in civil litigation, a witness in a governmental investigation, or an agency responding to a citizen's Freedom of Information Act request, the unsubstantiated complaint that the exercise is "cumbersome" or "time-consuming" has never been a sufficient excuse to avoid doing what the law requires. The same principle applies here. Tellingly, the Government fails to say even how voluminous the Materials are or why a "line by line" review would really be needed. (Opposition, Dkt. 14, at 12.)

The Government next pivots to the idea that, were The Times granted access to any part of the Materials, the prosecutors would have to do a series of releases over time as circumstances change and material that is no longer sensitive has to be released. (Opposition, Dkt. 14, at 12.) The Government argues for a one-time release at some unspecified date in the future. What the Government fails to acknowledge is that the U.S. Attorneys' Manual contemplates periodic release. Section 9-5.150 of the manual creates an "affirmative obligation" for Government attorneys to review every 60 days whether sealing is still necessary "[b]ecause of the vital public interest in open judicial proceedings." The manual dictates that "as soon as the justification for closure ceases," prosecutors are to take steps to make the records available. Nothing about The Times's motion requires anything beyond what the Department of Justice already requires of prosecutors.

Second, the Government's public filing should have addressed, but did not address, whether the Materials include items that deal solely with Mr. Cohen and his criminal acts. He has been convicted. His privacy interest in the business records that were the subject of the searches is non-existent or negligible, and no law enforcement need compels confidentiality as to those acts for which he pleaded guilty. The case for unsealing would seem especially relevant to those searches of electronic communications conducted under Section 2703. Those communications accounts are personal to Mr. Cohen. It is inconceivable that every affidavit used to obtain permission to conduct those searches is rife with private information about others or involves the potential criminal activity of persons other than Mr. Cohen to such a degree that not even redaction can make them accessible to the public.

Finally, the Government should not be allowed to defeat the public's right of access by invoking the notion that the Materials might be needed "in future cases." (Opposition, Dkt. 14, at 8.) That

3

#63700

empty explanation could be invoked in any case. If that were sufficient to justify continued sealing, there would be no public right of access. Of course, the Government also asserts that there is a particular investigation that must be protected. (Opposition, Dkt. 14, at 8.) The details of that inquiry presumably are covered in the sealed submission. Should the Court find the Government's argument in respect to that investigation persuasive enough to justify blanket sealing, we respectfully ask that the Court direct the Government to periodically report back to the Court on a set schedule to make a showing as to why the need for secrecy remains.

**Conclusion**

For all of the foregoing reasons and those set forth in our initial letter, The Times respectfully requests that the Materials be made public.

We thank the Court for its consideration of this matter.

Respectfully submitted,

David E. McCraw

cc:     Counsel of Record (by ECF)