

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel Strom**
rachelstrom@dwt.com
**Jeremy Chase**
jeremychase@dwt.com

212-489-8230 tel
212-489-8340 fax

November 2, 2018

**VIA ECF & U.S. MAIL**

The Honorable William H. Pauley, III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: *United States v. Cohen*, 18-cr-602 – Request to Unseal Materials

Dear Judge Pauley:

   This firm writes on behalf of the news organizations American Broadcasting Companies, Inc., the Associated Press, Cable News Network, Inc., Daily News, L.P., Dow Jones & Co., Inc., Newsday LLC, and NYP Holdings, Inc. (collectively, the "News Organizations").  We write in accordance with Your Honor's October 17, 2018 Order (Doc. No. 12), and in reply to the Government's Opposition to the Non-Party News Organizations' and The New York Times' Motions to Unseal Certain Search Warrant Materials related to Michael Cohen (Doc. No. 14).

   In their original letter motion, the News Organizations sought access to the search warrant materials related to the April 9, 2018 searches of Michael Cohen's person and property. The request was grounded on the premise that the investigation of Mr. Cohen had closed upon his August 21, 2018 guilty plea, and that Second Circuit case law is clear that the common law right of access applies to search warrant materials from closed criminal investigations.  *In re Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir.), *cert denied*, 496 U.S. 931 (1990).  Further, the News Organizations argued that logic and experience dictate that the First Amendment right of access also applies to such search warrant materials from closed criminal investigations.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

   In their Opposition, the Government claims for the first time that the "grand jury investigation into Michael Cohen and others . . . remains ongoing," and that unsealing the requested search warrant materials would interfere with the investigation and implicate the "privacy concerns for numerous uncharged third parties who are named in the materials."  *See* Doc. No. 14, at 1.  The Government also represents that it filed an ex parte supplemental submission under seal with the Court setting forth the specific justifications for keeping the

Anchorage  New York  Seattle
Bellevue   Portland  Shanghai
Los Angeles  San Francisco Washington, D.C.      www.dwt.com

Hon. William H. Pauley, III
November 2, 2018
Page 2

materials from public view.  *Id.* at 1 n.1.  Accordingly, the Government asserts that the materials must not be publicly disclosed (even with redactions), and that the News Organizations' and The New York Times' motions should be denied as premature.  *Id.* at 7.

As Your Honor is aware, the News Organizations' request for access to these materials is no run-of-the-mill request for access to judicial documents – the materials sought here are the product of a no-knock search warrant executed against the personal lawyer for the President of the United States that led to a guilty plea for, among other things, campaign finance violations in the weeks before the 2016 Presidential election.  Seldom has the public's interest in obtaining access to judicial documents been greater.  Yet the Government still claims there is not a *single* document it can release to the public – even in a redacted form.  The News Organizations are completely hamstrung at responding to that claim because the Government has filed all of its evidence under seal.

The Second Circuit has made clear, however, that a district court cannot simply "delegate its authority" to evaluate what information can be made public to the government.  *United States v Amodeo*, 44 F3d 141, 147 (2d Cir. 1995).  Rather, a district court must conduct an in camera review "to insure that [a determination of what materials can be disclosed is] based on the court's independent balancing of interests and were not the result of an improper delegation of judicial authority" to the prosecutor's office.  *United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995).  Thus, the News Organizations must respectfully request that Your Honor carefully evaluate the Government's assertions about the nature of its investigation and the requested materials and its need for continued blanket secrecy under the well-established First Amendment and common law principles outlined in the News Organizations' and New York Times' letter motions.

With that backdrop in mind, because the Government's only rationalization for withholding these documents is that the release would identify *other* targets of the ongoing investigation, to the degree that any of the requested materials relate to Mr. Cohen alone, those materials must be disclosed.  There is no argument that the investigation into Mr. Cohen remains open, and this Circuit has long encouraged district courts to only seal those documents necessary to preserve privacy and law enforcement interests, rather than allow the kind of "wholesale sealing" that the Government seeks here.  *See Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

And, the Government's objections to engaging in any redaction of these documents are paper thin.  Here, the News Organizations ask only that the Government engage in "line-by-line" review of the materials that solely pertain to the investigation of Mr. Cohen – not related to the target of any other ongoing investigation.  Mr. Cohen has pled guilty and, with the exception of filtering out materials related to other subjects of the investigation, the exercise would be no more burdensome than for any other closed investigation.  Second, to the extent the Government

Hon. William H. Pauley, III
November 2, 2018
Page 3

contends that these materials after redaction "would provide little meaningful information to the public," it is the public – not those trying to keep the information secret – that should be the judge of that.

Finally, as a last resort, to the extent the Court agrees that the investigation is ongoing and that some interest justifies keeping the requested materials secret, the public must gain access when that interest expires.  If, as the government contends, law enforcement and privacy interests justify sealing at this date, those interests will inevitably expire.  As the Second Circuit has explicitly held, "the government's interest in its ongoing investigation does not go on [sic] forever."  *United States v. Moten*, 582 F.2d 654, 661 (2d Cir. 1978).  Thus, even if the Court decides that the government interest in protecting an ongoing proceeding warrants continued sealing, that sealing may endure "only so long as is necessary to protect the investigation."  *Id.*

To ensure that secrecy ends as soon as the purported ongoing investigation concludes, the News Organizations request that the Court fix a specific "sunlight date", at which time any continued sealing order would expire unless the government establishes that sealing is still justified.  Such a sunlight provision would provide a set time for re-evaluation and ensure that the government does not fail to alert the Court of the conclusion of the investigation and its expiration of its interest in secrecy.  Such an order would not impose an undue burden on the government or law enforcement and has been employed by courts in the past.  *See*, *e.g.*, *United States v. Capeci*, 424 F. App'x 35, 36 (2d Cir. 2011) ("The government is reminded that should the conditions for unsealing set forth in the sealed order come to pass, it is under a continuing obligation to inform the district court."); *United States v. Strevell*, No. 05-CR-477 (GLS), 2009 WL 577910 at *7 (N.D.N.Y. 2009) (grafting a one-year deadline on the sealing orders, absent a timely motion for further sealing); *In re Sealed Matter*, No. 2:10-mc-00022 (S.D. Tex. Jun. 4, 2015) (Minute Entry requiring Government "to file updated status reports within 10 days and every 6 months thereafter" on whether to unseal records under common law right of access).

Accordingly, the News Organizations respectfully reiterate their request that the search warrant materials be released to the public, and to the extent the Court determines that the Government's ongoing investigation requires the requested materials to remain sealed, that the Court set a sunlight date keyed to the date of its Order on this Letter Motion.

Respectfully submitted,

Davis Wright Tremaine LLP

*/s/ Rachel Strom*

Rachel Strom
Jeremy Chase

Hon. William H. Pauley, III
November 2, 2018
Page 4


cc:     Attorneys of Record (via ECF)