# EXHIBIT 7

September 7, 2018

Hon. William H. Pauley III
Daniel P. Moynihan
United States Courthouse
500 Pearl Street
Courtroom 20B
New York, New York 10007-1312

**Re: Statement in Support of Michael Cohen, US v. Michael Cohen, 18 Cr._____ (WHP)**

Honorable Judge Pauley:

I am writing to the Court in support of Michael Cohen. I hope that the Court can take this information in considering the totality of Michael's life and his positive contributions to society in determining his sentence.

By way of background, I have been lived in New York City (NYC) most of my life, met my wife in college, and have been married for close to 30 years. Together we have three children, ages 26, 22 and 18. I am a licensed lawyer in the State of New York. I began my career at blue chip law firm and am currently a Partner in a private equity investment firm which, with affiliates, has over $2 billion in commitments from mostly institutional investors. Given Michael has worked closely with Donald Trump for some time, to the extent it is relevant, I note that I am strongly opposed to Donald Trump and his administration, both on policy grounds and the uncivil tone he has set in this country. Nonetheless, Michael and I remain friends.

I have known Michael and his family for 20 years. His daughter, Samantha, is the same age as my younger daughter. They have been friends since nursery school and were roommates at the University of Pennsylvania. Michael's son, Jake, is my son's age, and they too have been friends since childhood. The boys both just left home this summer to attend college. Through these connections, my wife and I have become good friends with Michael and his wife Laura, and have spent meaningful time together socially, and with mutual friends.

I got to know Michael on a deeper level about five years ago. My private equity firm looked like it might be winding down, and I met with Michael to network and "pick his brain" regarding people in the investment community who might need a person with my skill set. Michael was exceptionally generous with his time, listening to my personal journey with unusual empathy. He went out of his way to better understand my situation, and then introduced me to a number of people who might need a person of my talents, often showcasing me at events while selflessly fading into the background. Michael has also been extremely generous with his time and demonstrated genuine interest in the career and personal development of my daughter and son. Michael has also gone out of his way for friends to whom I have introduced him. He actively served on the Board of Trustees of Columbia Grammar, an elite NYC private college preparatory school, and in that capacity, assisted friends of mine who were interested in having their children attend that school.

In all the time I have known Michael, not once has he ever asked me or any member of my family for a favor on any level, yet he has repeatedly gone out of his way for me, my wife, our children, and our friends.

1

I have done my best to instill in my own children a moral compass of what is right and wrong. As none of us is perfect, one of the guideposts I preach is to view others in their totality. I understand that some of the actions to which Michael has admitted guilt are not admirable. That said, I strongly believe that Michael should be judged on the totality of his person and his life. I urge the Court to consider not just the person who has admitted wrong-doing or the person caricatured in the media, but the complete Michael Cohen, that includes the person who, to my best knowledge, has a successful and loving marriage, raised two wonderful kids who are bright, intellectually curious, loyal and empathic. Moreover, as a friend and a member of the communities in which we are both intimately involved, I have only known him to have acted as he has acted with me.

For all of the above reasons, I call Michael a valued friend. I am not proud of the actions to which Michael has admitted wrongdoing; however, I personally believe Michael is remorseful for the mistakes he has made. While I assume the financial burden of his managing his legal situation has been already monetarily quite punishing, I suspect the pain his mistakes have caused his wife and children is a very real and incalculable punishment he must live with for the remainder of his life. I remain confident that after serving his sentence, Michael will use this experience to become a better person, and continue living his life as a loving and devoted husband and father, supportive and valued friend, and meaningful and important positive contributor to society.

Thank you for giving me the opportunity to convey my views to the Court about Michael's many fine personal qualities that I believe have gotten less attention in this process. I sincerely hope the Court will take this into consideration when determining Michael's sentence.

Sincerely,

Andrew L. Dworkin