IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICES ASSIGNED CALL NUMBERS ▮▮▮▮ AND ▮▮▮▮ | Case No. 18 MAG 2974 Filed Under Seal |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ▮▮▮▮ being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular devices assigned call numbers ▮▮▮▮ and ▮▮▮▮ (the "Target Cellular Devices"), which are described in Attachment A.

3.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.     One purpose of applying for this warrant is to determine with precision the Target Cellular Devices' location.   However, there is reason to believe the Target Cellular Devices are currently located somewhere within this district because the Target Cellular Devices' owner is known to spend most of his time in this district.   Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Devices outside the district provided the device is within the district when the warrant is issued.

5.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 52 U.S.C. §§ 30116(a)(1)(A) and 30109(d)(1)(A)(1) (illegal campaign contributions) (the "Subject Offense") has been committed, are being committed, and will be committed by Michael Cohen and others.   There is also probable cause to believe that the location of the Target Cellular Devices will lead to evidence of the Subject Offense, as detailed below.

6.     Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41.   See 18 U.S.C. §§ 3121-3127.   This warrant therefore includes all the information required to be included in a pen register order.   See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

### Introduction

7.     The United States Attorney's Office for the Southern District of New York ("USAO") and the FBI are investigating a criminal violation of the campaign finance laws by Michael Cohen, a lawyer who holds himself out as the personal attorney for President Donald J. Trump.   As detailed below, there is probable cause to believe that

8.      The Target Cellular Devices referenced in this Affidavit are the cellphones assigned call numbers ▮▮▮▮▮ and ▮▮▮▮▮ As further discussed below, the Target Cellular Devices are subscribed to in the name of Michael Cohen (the "Subscriber"). The Subscriber is believed to use the Target Cellphones and is a Target Subject of this investigation. AT&T is the Service Provider for the Target Cellphones.

**Prior Relevant Process**

9.      In connection with an investigation then being conducted by the Office of the Special Counsel ("SCO"), the FBI sought and obtained from the Honorable Beryl A. Howell, Chief United States District Judge for the District of Columbia, three search warrants for emails and other content information associated with two email accounts used by Cohen, and one search warrant for stored content associated with an iCloud account used by Cohen.   Specifically:

a.   On or about July 18, 2017, the FBI sought and obtained a search warrant for emails in the account ▮▮▮▮▮@gmail.com (the "Cohen Gmail Account") sent or received between January 1, 2016 and July 18, 2017 (the "First Cohen Gmail Warrant").

b.   On or about August 8, 2017, the FBI sought and obtained a search warrant for content stored in the iCloud account associated with Apple ID ▮▮▮▮▮@gmail.com (the "Cohen iCloud Account" and the "Cohen iCloud Warrant").

c.   On or about November 13, 2017, the FBI sought and obtained a search warrant for emails in the Cohen Gmail Account sent or received between June 1, 2015 and November 13, 2017 (the "Second Cohen Gmail Warrant").

3

d.   On or about November 13, 2017, the FBI sought and obtained a search warrant for

emails in the account ███████████ (the "Cohen MDCPC Account") sent or received

between the opening of the Cohen MDCPC Account[1] and November 13, 2017 (the "First Cohen

MDCPC Warrant").

10.   The SCO has since referred certain aspects of its investigation into Cohen

to the USAO, which is working with the FBI's New York Field Office.

11.   On or about February 28, 2018, the USAO and FBI sought and obtained

search warrants for emails in Cohen Gmail Account and Cohen MDCPC Account, among other

accounts, sent or received between November 14, 2017 and February 28, 2018 (the "Third Cohen

Gmail Warrant" and "Second Cohen MDCPC Warrant").[2]

12.   The above-described warrants are referred to herein as the "Cohen Emails

Warrants" and, with respect to the iCloud Warrant, the "Cohen iCloud Warrant."

**The Illegal Campaign Contribution Scheme**

---

[1] Based on my review of this warrant and the affidavit in support of it, I know that the warrant did not specify a time period, but the affidavit indicated that, pursuant to court order, the service provider had provided non-content information for the Cohen MDCPC Account that indicated that the account contained emails from the approximate period of March 2017 through the date of the warrant.

[2] On or about February 28, 2018 and April 7, 2018, the USAO and FBI sought and obtained Rule 41 search warrants authorizing the search of emails and content obtained pursuant to previously issued warrants for additional subject offenses.









8



















17











28.     I have reviewed records maintained by AT&T, from which I have learned, in substance and in part, that the Target Cellular Devices are still active.  Based on my training and experience, my familiarity with this investigation, and the information set forth above, I therefore believe that the requested data will lead to evidence of the Subject Offense. Specifically, information will lead to the present location of the Target Cellular Devices; law enforcement may then obtain evidence from the Target Cellular Devices, by subpoena or search warrant, including but not limited to



## AUTHORIZATION REQUEST

32.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.  The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

33.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cellular Devices would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, and notify confederates.  *See* 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

34.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Devices outside of daytime hours.

35.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.   Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

36.     A search warrant may not be legally necessary to compel the investigative technique described herein.   Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,


Federal Bureau of Investigation

Subscribed and sworn to before me _BY TELEPHONE_

On: _APRIL 8, 2018_

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE USE OF A CELL-
SITE SIMULATOR TO LOCATE THE
CELLULAR DEVICES ASSIGNED CALL
NUMBERS ▓▓▓▓▓  AND  ▓▓▓▓▓

Case No. **18 MAG   2974**

**Filed Under Seal**

## WARRANT AND ORDER OF AUTHORIZATION

**TO:   Special Agents of the Federal Bureau of Investigation and Other Authorized
Personnel**

**I.      Findings**

The Court hereby finds:

1.      Upon an affidavit of Special Agent ▓▓▓▓▓▓ of the Federal Bureau of
Investigation ("Affidavit") and pursuant to Federal Rule of Criminal Procedure 41, there is
probable cause to believe that violations of 52 U.S.C. §§ 30116(a)(1)(A) and 30109(d)(1)(A)(1)
(illegal campaign contributions) (the "Subject Offense") have been committed by Michael Cohen
(the "Target Subject"), and that the Target Subject uses cellular devices assigned call numbers
▓▓▓▓▓▓▓▓ the ("Target Cellular Devices"), which are described in
Attachment A.   Further, there is probable cause to believe that the location of the Target Cellular
Device will constitute evidence of the Subject Offense.   Specifically, there is probable cause to
believe that the location of the Target Cellular Devices will constitute evidence of those criminal
violations, including leading to the location of the Target Cellular Devices, on which there is
probable cause to believe evidence of these offenses exist, as detailed below.

2.      Pursuant to 18 U.S.C. § 3123(b)(1), the Government has certified that the pen
register information for the Target Cellular Devices is relevant to an ongoing investigation by the

Investigating Agency of the Target Subject and others unknown in connection with suspected violations of the Subject Offense.

NOW, THEREFORE, pursuant to Fed. R. Crim. P. 41, 18 U.S.C. §§ 3121 *et seq.*, and 18 U.S.C. § 3103a, IT IS HEREBY ORDERED:

**II.    Warrant and Order of Authorization**

3.     **Warrant.**    Law enforcement agents and other authorized law enforcement officials are hereby authorized to employ an electronic investigative technique, which is described in Attachment B, to the determine the location of the Target Cellular Devices, which are described in Attachment A.

4.     **Data Collection and Retention.**    In the course of employing the technique, law enforcement agents and other authorized law enforcement officials (a) must make reasonable efforts to limit interference with cellular devices other than the Target Cellular Devices, (b) must promptly delete information collected from cellular devices other than the Target Cellular Devices once the Target Cellular Devices is located, and (c) are prohibited from using data acquired beyond that necessary to locate the Target Cellular Devices, absent further order of the Court.

5.     **Delayed Notice.**    Pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorizes the officer executing the warrant to delay in notice until 30 days from the end of the period of authorized surveillance.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cellular Devices would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, and notify confederates.  *See* 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity

2

for the use of the technique described above, for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

      6.    **Time of Execution.**    The Court authorizes execution of this Warrant at any time of day or night, owing to the potential need to locate the Target Cellular Devices outside of daytime hours.

      7.    **Sealing.**  This Warrant and Order, and the supporting Agent Affidavit, shall be sealed until further order of the Court, except that the Government may without further order of this Court: provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

_____4 - 8 - 18_____
Date Issued

_____9:50 AM_____
Time Issued

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

3

## **ATTACHMENT A**

    This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular devices assigned phone numbers ▓▓▓▓▓ ▓▓▓▓▓▓▓ whose wireless provider is AT&T, and whose listed subscriber is Michael Cohen.

**ATTACHMENT B**

Pursuant to an investigation of Michael Cohen for a violation of 52 U.S.C. §§ 30116(a)(1)(A) and 30109(d)(1)(A)(1) (illegal campaign contributions) (the "Subject Offense"), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular devices identified in Attachment A by collecting and examining:

for a period of thirty days, during all times of day and night.   This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property.   The Court finds reasonable necessity for the use of the technique authorized above.   *See* 18 U.S.C. § 3103a(b)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICES ASSIGNED CALL NUMBERS ▓▓▓▓ AND ▓▓▓▓ ▓▓▓ | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, ▓▓▓▓ being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular devices assigned call numbers ▓▓▓▓▓▓▓▓ (the "Target Cellular Devices"), which are described in Attachment A.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      One purpose of applying for this warrant is to determine with precision the Target Cellular Devices' location.   However, there is reason to believe the Target Cellular Devices are currently located somewhere within this district because the Target Cellular Devices' owner is known to spend most of his time in this district.   Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Devices outside the district provided the device is within the district when the warrant is issued.

5.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 52 U.S.C. §§ 30116(a)(1)(A) and 30109(d)(1)(A)(1) (illegal campaign contributions) (the "Subject Offense") has been committed, are being committed, and will be committed by Michael Cohen and others.   There is also probable cause to believe that the location of the Target Cellular Devices will lead to evidence of the Subject Offense, as detailed below.

6.      Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41.   See 18 U.S.C. §§ 3121-3127.   This warrant therefore includes all the information required to be included in a pen register order.   See 18 U.S.C. § 3123(b)(1).

**PROBABLE CAUSE**

**Introduction**

7.      The United States Attorney's Office for the Southern District of New York ("USAO") and the FBI are investigating a criminal violation of the campaign finance laws by Michael Cohen, a lawyer who holds himself out as the personal attorney for President Donald J. Trump.   As detailed below, there is probable cause to believe ▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8.     The Target Cellular Devices referenced in this Affidavit are the cellphones assigned call numbers ▓▓▓▓▓▓▓▓▓▓ As further discussed below, the Target Cellular Devices are subscribed to in the name of Michael Cohen (the "Subscriber"). The Subscriber is believed to use the Target Cellphones and is a Target Subject of this investigation. AT&T is the Service Provider for the Target Cellphones.

### Prior Relevant Process

9.     In connection with an investigation then being conducted by the Office of the Special Counsel ("SCO"), the FBI sought and obtained from the Honorable Beryl A. Howell, Chief United States District Judge for the District of Columbia, three search warrants for emails and other content information associated with two email accounts used by Cohen, and one search warrant for stored content associated with an iCloud account used by Cohen.   Specifically:

a.     On or about July 18, 2017, the FBI sought and obtained a search warrant for emails in the account ▓▓▓▓▓ @gmail.com (the "Cohen Gmail Account") sent or received between January 1, 2016 and July 18, 2017 (the "First Cohen Gmail Warrant").

b.     On or about August 8, 2017, the FBI sought and obtained a search warrant for content stored in the iCloud account associated with Apple ID ▓▓▓▓▓ @gmail.com (the "Cohen iCloud Account" and the "Cohen iCloud Warrant").

c.     On or about November 13, 2017, the FBI sought and obtained a search warrant for emails in the Cohen Gmail Account sent or received between June 1, 2015 and November 13, 2017 (the "Second Cohen Gmail Warrant").

d.  On or about November 13, 2017, the FBI sought and obtained a search warrant for emails in the account ███████ (the "Cohen MDCPC Account") sent or received between the opening of the Cohen MDCPC Account[1] and November 13, 2017 (the "First Cohen MDCPC Warrant").

10.    The SCO has since referred certain aspects of its investigation into Cohen to the USAO, which is working with the FBI's New York Field Office.

11.    On or about February 28, 2018, the USAO and FBI sought and obtained search warrants for emails in Cohen Gmail Account and Cohen MDCPC Account, among other accounts, sent or received between November 14, 2017 and February 28, 2018 (the "Third Cohen Gmail Warrant" and "Second Cohen MDCPC Warrant").[2]

12.    The above-described warrants are referred to herein as the "Cohen Emails Warrants" and, with respect to the iCloud Warrant, the "Cohen iCloud Warrant."

### The Illegal Campaign Contribution Scheme

---

[1]  Based on my review of this warrant and the affidavit in support of it, I know that the warrant did not specify a time period, but the affidavit indicated that, pursuant to court order, the service provider had provided non-content information for the Cohen MDCPC Account that indicated that the account contained emails from the approximate period of March 2017 through the date of the warrant.

[2]  On or about February 28, 2018 and April 7, 2018, the USAO and FBI sought and obtained Rule 41 search warrants authorizing the search of emails and content obtained pursuant to previously issued warrants for additional subject offenses.





---

[3] My attribution of certain telephone numbers to certain individuals as described in this affidavit is based on my review of the vCard (virtual contact file) and text messages obtained from Cohen's telephone pursuant to the iCloud Warrant.



7





9







12





14







17



18



19





21





28.     I have reviewed records maintained by AT&T, from which I have learned, in substance and in part, that the Target Cellular Devices are still active.  Based on my training and experience, my familiarity with this investigation, and the information set forth above, I therefore believe that the requested data will lead to evidence of the Subject Offense. Specifically, information will lead to the present location of the Target Cellular Devices; law enforcement may then obtain evidence from the Target Cellular Devices, by subpoena or search warrant, including but not limited to



## AUTHORIZATION REQUEST

32.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

33.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Devices would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, and notify confederates. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

34.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Devices outside of daytime hours.

35.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

36.     A search warrant may not be legally necessary to compel the investigative technique described herein.   Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Federal Bureau of Investigation

Subscribed and sworn to before me

On: ___APRIL 8, 2018___

___S/ HENRY PITMAN___
UNITED STATES MAGISTRATE JUDGE

26

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICES ASSIGNED CALL NUMBERS ███████████ ██ | Case No. _____<br><br>**Filed Under Seal** |

## WARRANT AND ORDER OF AUTHORIZATION

**TO:   Special Agents of the Federal Bureau of Investigation and Other Authorized Personnel**

### I.   Findings

The Court hereby finds:

1.      Upon an affidavit of Special Agent ████████ of the Federal Bureau of Investigation ("Affidavit") and pursuant to Federal Rule of Criminal Procedure 41, there is probable cause to believe that violations of 52 U.S.C. §§ 30116(a)(1)(A) and 30109(d)(1)(A)(1) (illegal campaign contributions) (the "Subject Offense") have been committed by Michael Cohen (the "Target Subject"), and that the Target Subject uses cellular devices assigned call numbers █████████████████████ the ("Target Cellular Devices"), which are described in Attachment A.   Further, there is probable cause to believe that the location of the Target Cellular Device will constitute evidence of the Subject Offense.   Specifically, there is probable cause to believe that the location of the Target Cellular Devices will constitute evidence of those criminal violations, including leading to the location of the Target Cellular Devices, on which there is probable cause to believe evidence of these offenses exist, as detailed below.

2.      Pursuant to 18 U.S.C. § 3123(b)(1), the Government has certified that the pen register information for the Target Cellular Devices is relevant to an ongoing investigation by the

Investigating Agency of the Target Subject and others unknown in connection with suspected violations of the Subject Offense.

NOW, THEREFORE, pursuant to Fed. R. Crim. P. 41, 18 U.S.C. §§ 3121 *et seq.*, and 18 U.S.C. § 3103a, IT IS HEREBY ORDERED:

## II.    Warrant and Order of Authorization

3.    **Warrant.**   Law enforcement agents and other authorized law enforcement officials are hereby authorized to employ an electronic investigative technique, which is described in Attachment B, to the determine the location of the Target Cellular Devices, which are described in Attachment A.

4.    **Data Collection and Retention.**   In the course of employing the technique, law enforcement agents and other authorized law enforcement officials (a) must make reasonable efforts to limit interference with cellular devices other than the Target Cellular Devices, (b) must promptly delete information collected from cellular devices other than the Target Cellular Devices once the Target Cellular Devices is located, and (c) are prohibited from using data acquired beyond that necessary to locate the Target Cellular Devices, absent further order of the Court.

5.    **Delayed Notice.**   Pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorizes the officer executing the warrant to delay in notice until 30 days from the end of the period of authorized surveillance.   This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.   Providing immediate notice to the subscriber or user of the Target Cellular Devices would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, and notify confederates.   *See* 18 U.S.C. § 3103a(b)(1).   There is reasonable necessity

2

for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

6. **Time of Execution.** The Court authorizes execution of this Warrant at any time of day or night, owing to the potential need to locate the Target Cellular Devices outside of daytime hours.

7. **Sealing.** This Warrant and Order, and the supporting Agent Affidavit, shall be sealed until further order of the Court, except that the Government may without further order of this Court: provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

_4/8/18_
Date Issued

_9:50 AM_
Time Issued

_S/ HENRY PITMAN_
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

3

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular devices assigned phone numbers ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ whose wireless provider is AT&T, and whose listed subscriber is Michael Cohen.

4

**ATTACHMENT B**

Pursuant to an investigation of Michael Cohen for a violation of 52 U.S.C. §§ 30116(a)(1)(A) and 30109(d)(1)(A)(1) (illegal campaign contributions) (the "Subject Offense"), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular devices identified in Attachment A by collecting and examining:

for a period of thirty days, during all times of day and night.   This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property.   The Court finds reasonable necessity for the use of the technique authorized above.  *See* 18 U.S.C. § 3103a(b)(2).