UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X
UNITED STATES OF AMERICA,

                Plaintiff,                                     **AFFIRMATION**

     -v.-                                                  18-cr-602 (WHP)

MICHAEL COHEN,

                Defendant.
———————————————————X

      MICHAEL MONICO, being an attorney-at-law duly licensed to practice law in the State of Illinois, and a member of the bar of the Northern District of Illinois, makes the following allegations under the penalty of perjury:

      1. Mr. Cohen is currently serving the remainder of a three-year prison sentence in Otisville Correctional Facility in Orange County, New York, for campaign finance violations, tax evasion, and other charges. I have prepared this summary in support of Mr. Cohen's request that the United States Attorney's Office for the Southern District of New York reconsider its prior decisions declining to file a Rule 35 Motion on behalf of Mr. Cohen based on the extensive cooperation and information he has provided the SDNY about misconduct involving President Donald Trump and the Trump Organization.

      2. Following Mr. Cohen's conviction in December of 2018, I met with Assistant United States Attorneys ("AUSAs") at the Southern District of New York (the "SDNY") to explore how MICHAEL COHEN could cooperate with the U.S. Attorney's Office to earn its support for Rule 35 sentencing relief.

1

3. On February 27, 2019, members of Your Affirmant's office and Your Affirmant, along with Mr. Cohen, met with various Southern District AUSAs and other government employees. At such time, Mr. Cohen proffered valuable information to the SDNY regarding investigations into misconduct directly or indirectly attributed to both President Trump, and the Trump Organization.

4. On April 11, 2019, Your Affirmant initiated a follow-up telephone conversation with AUSA Thomas McKay of the SDNY regarding Mr. Cohen's cooperation in SDNY investigations. During that telephone conversation, Your Affirmant laid out Mr. Cohen's extensive cooperation with the government. AUSA McKay advised Your Affirmant he would speak with his team and "report back."

5. On April 17, 2019, Your Affirmant conducted another telephone conversation with AUSA McKay regarding Mr. Cohen's cooperation. AUSA McKay informed Your Affirmant that the SDNY did not intend to file, or support, a Rule 35 motion on Mr. Cohen's behalf. AUSA McKay stated that the SDNY did not believe Mr. Cohen had provided "substantial assistance." AUSA McKay generally stated that Mr. Cohen's assistance was "substantial" only to the extent that he was a credible witness and that his office believed Mr. Cohen (and/or his unidentified surrogates) had made statements that "adversely affected" his credibility.

6. In response to Your Affirmant's further inquiry, AUSA McKay declined to provide Your Affirmant any specific details correlating this perception, or explaining why the SDNY believed Mr. Cohen was not credible. AUSA McKay, rather, made unexplained references to (a) Mr. Cohen's Congressional testimony, (b) his prior meeting with the SDNY, and (c) his actions in public. Your Affirmant inquired whether

AUSA McKay (or others at the SDNY) would be willing to sit down with Mr. Cohen, and afford Mr. Cohen the chance to appropriately address and cure his alleged incredibility. AUSA McKay, however, declined the offer and declined to provide a more definitive explanation as to the basis for the SDNY's discomfort.

7. On November 1, 2019, Lanny Davis, Esq., Roger Bennet Adler, Esq. and Your Affirmant initiated a final telephone conversation with AUSA McKay regarding further cooperation Mr. Cohen could provide about misconduct involving President Trump, and the Trump Organization. AUSA McKay informed us he would "consider our proposal," and report back.

8. On November 20, 2019, AUSA McKay informed Your Affirmant and Mr. Adler that the SDNY still declined our invitation to speak again with Mr. Cohen. AUSA McKay stated that the SDNY's concerns about Mr. Cohen's ability to provide cooperation had not changed. AUSA McKay rejected our continued request that the SDNY speak once again with Mr. Cohen, at which time he might be able to relieve their concerns and provide further details.

9. Since the original February 27, 2019, meeting between Your Affirmant's office, Mr. Cohen, and the United States Attorney's Office for the Southern District of New York, Mr. Cohen has provided valuable information. Your Affirmant believes he has cooperated to the best of his ability. Given the totality of the facts, it was and constitutes Your Affirmant's professional belief (derived from almost five years as an Assistant United States Attorney for the Northern District of Illinois and 42 years as a criminal defense lawyer) that Mr. Cohen has provided the government with valuable information regarding governmental investigations into misconduct attributed, directly or indirectly, to President Trump, the Trump Organization, and otherwise.

10. Your Affirmant most respectfully believes Mr. Cohen's cooperation has gone above and beyond the "substantial cooperation" required to justify the SDNY submitting a Rule 35 motion on Mr. Cohen's behalf. Furthermore, Your Affirmant does not believe Michael Cohen (nor any of his surrogates) has made statements adversely affecting his credibility during his Congressional testimony.

WHEREFORE, Your Affirmant respectfully prays that this application for sentencing relief, pursuant to Rule 35(b) be granted to the extent of ordering a hearing.

Dated:      Chicago, Illinois
            December 9, 2019

/s/Michael Monico/s/
Michael Monico
*Attorney for Defendant Michael Cohen*