**From:** Roger Adler <rbalaw@verizon.net>
**To:** laura.birger <laura.birger@usdoj.gov>; thomas.mckay <thomas.mckay@usdoj.gov>; audrey.strauss <audrey.strauss@usdoj.gov>
**Cc:** ldavis <ldavis@dggpllc.com>; mm <mm@monicolaw.com>
**Subject:** Re: United States v. Michael Cohen (18-cr-602)(WHP)(Meeting Request)
**Date:** Tue, Nov 26, 2019 5:12 pm
**Attachments:** Correspondence with SDNY.pdf (1942K), L. Davis Affirmation re Cohen.pdf (42K)

I write as a followup to receipt of Assistant U.S. Attorney Thomas McKay's November 20th email declining to meet with my client, Mr. Michael Cohen, based upon our previously proffered letter authored by my colleague and co-counsel, Michael Monico, Esq. (copy attached), and my followup email (copy attached).

## BACKGROUND

Judge William H. Pauley sentenced Mr. Cohen on December 12, 2018 to serve a three year term of imprisonment. Mr. Cohen, since his guilty pleas, has provided substantial assistance to your office via some half-dozen proffer sessions conducted with Guy Petrillo, Esq. (Mr. Cohen's prior counsel).

Mr. Cohen's cooperation with both Special Counsel Robert Mueller, and various Congressional committees, is fully addressed in the attached Affirmation of Lanny Davis, Esq. (copy attached).

The recent House "impeachment hearings" conducted by Congressman Adam Schiff (California) have now focused attention on *inter alia* the "management style" of President Trump. Its criminal overtones *vis a vis* the Ukrainian arms funds are consistent with a portrait which Michael Cohen outlined for Assistant U.S. Attorney McKay by speaking "truth to power."

Notwithstanding a half-dozen proffer sessions, the S.D.N.Y., through Assistant U.S. Attorney Mr. McKay, has told Judge Pauley that the investigation was <u>closed</u>. One has only to review both the immunity/non-prosecution agreements with (a) Alan Weisselberg, (b) David Pecker, and (c) Cohen's accountant Jeffrey Getzel, C.P.A. to realize that *inter alia* the "Stormy Daniels" payments involved falsified "Trump Organization" business records and money. Both Donald J. Trump, Jr. and Alan Weisselberg signed Trump checks to both "cover up" and knowingly facilitate "Stormy Daniels" related payments.

The use and payment of "Trump Organization" funds, for Mr. Trump's intimate encounters, stole Trump Organization funds, just as the knowing use of "Trump Foundation" moneys track a mindset that "su casa es mi casa." A Manhattan state Supreme Court $2 million civil penalty confirms that the Trump Foundation was pillaged, and bogus 990 tax forms were filed to cover up the conversion of Foundation funds.

Mr. Cohen has proffered post-sentencing assistance in connection with a probe of the taxi medallion scandals in both New York City, and Chicago.

Mr. Cohen has proffered information concerning *United States v. Lev Parnas*, et. al. involving a recent case filing involving Ukrainian political corruption targeting U.S. policies.

Mr. Cohen has proffered information relating to the Trump Organization's underreporting receipts (and overreporting operating expenses) as New York City concessions awarded to the Trump Organization both in Central Park, Manhattan, and Trump Links in "Ferry Point Park," up in the Bronx.

Mr. Cohen's resolution of the "Stormy Daniels'" scandal was shared *inter alia* with Ms. Hope Hicks. Mr. Cohen, not a political candidate or campaign official was, at best, a "vendor" of services. The federal campaign laws do not require vendors of perceived campaign related services to report them.

## DEFENDANT'S "ASK"



Michael Cohen is serving a 36 month sentence under the "First Step Act." By my calculation, he will be eligible to be released to community confinement after serving ___ more months.

We plan to file a Rule of Criminal Procedure 35(b) motion with Judge Pauley next month. It will be predicated upon Mr. Cohen's cooperation, as outlined in the attached Affirmation of Lanny Davis, Esq. (copy attached). Mr. Cohen's cooperation, I respectfully submit, has been both (a) extensive, (b) helpful, and (c) in the public interest.

In this connection, I am not unaware that Mr. Cohen did not sign a "cooperation agreement." However, Rule 35(b) speaks to (and is responsive to) "cooperation" – it does not, I respectfully submit, explicitly require a duly executed "cooperation agreement" as a condition precedent to the making of such a motion.

## THE LAW

District Judges are authorized to modify a previously imposed lawful sentence if the Court is persuaded that the Government has not acted in "good faith" (see *United States v. Scarpa*, 155 F. Supp. 3d 234 [E.D.N.Y. per Korman, J. 2016] rev'd 861 F. 3d 59, 68-69 [2nd Cir.] *cert.* den. 138 S. Ct. 692 [2018]).

The District Court is authorized to grant a Rule 35(b) motion to the extent of ordering a hearing.

Against this procedural backdrop, and Mr. Cohen's "backstory," I respectfully urge your office not to oppose the application. I recognize the S.D.N.Y. can vigorously oppose it, but can also take no adverse position, and leave it to Judge Pauley.

I make this request mindful that we are <u>not</u> <u>seeking</u> a <u>sentence</u> <u>reduction</u>. Rather, we only seek a sentence <u>modification</u> to "home confinement," and the additional sentencing component of providing one (1) day of community service during the balance of the sentence at bar.

Mindful that a minor sentence <u>modification</u> (and not a sentence reduction) is sought, after a discernible documented pattern of cooperation to the Government, it warrants a "second look." I urge the S.D.N.Y. to be part of the solution to elicited Trumpian criminality, and not Trumpian enablers.

The ball is respectfully in your court. I request a meeting early next week, after the extended Thanksgiving holiday weekend.

Roger B. Adler
*Attorney for Defendant Michael Cohen*
233 Broadway, Suite 2340
New York, New York 10279
(212) 406-0181