**From:** Roger Adler <rbalaw@verizon.net>
**To:** audrey.strauss <audrey.strauss@usdoj.gov>
**Cc:** thomas.mckay <thomas.mckay@usdoj.gov>; laura.birger <laura.birger@usdoj.gov>; ldavis <ldavis@dggpllc.com>; mm <mm@monicolaw.com>
**Subject:** Re: United States v. Michael Cohen (18-cr-602)(WHP)(Proffer Session/Rule 35(b))
**Date:** Thu, Dec 5, 2019 12:47 pm
**Attachments:** Cohen Letter Ex. E.pdf (265K), Cohen Letter Ex. D.pdf (1148K), Cohen Letter Ex. C.pdf (655K), Cohen Letter Ex. B.pdf (400K), Cohen Letter Ex. A.pdf (420K)

---

I write to you in my capacity as local counsel for the Defendant Michael Cohen, in connection with the above captioned case, to respectfully request a meeting later this week, in advance of a December 12, 2019 Rule 35(b) filing deadline. On November 26th, I emailed the Southern District's exceedingly capable Assistant U.S. Attorney Laura G. Birger seeking such a meeting, and apprising her of Mr. Cohen's cooperation with different divisions of "the Government" – i.e. Congress, Special Counsel Robert Mueller, State Attorney General Letitia "Tish" James, and the New York County District Attorney Cyrus Vance, Jr.

Attempts by both Michael Monico, Esq., and myself (see exhibit "A") to induce your colleague, Assistant U.S. Attorney Thomas McKay, to afford Mr. Cohen a post-sentence proffer session have been summarily rejected (see December 2nd email at exhibit "B").

## THIS "ASK"

At the time Judge Pauley sentenced Defendant Michael Cohen last December 12th, he expressly (and appropriately) noted that he was limited in exercising his 18 U.S.C. 3553(b) sentencing discretion by the documented cooperation provided up to that date (see exhibit "C"). He clearly felt that it would be an abuse of *nisi prius* court decision to consider not yet provided cooperation to the Government.

It was mindful of Judge Pauley's aforesaid judicial caveat that Mr. Cohen: (a) provided post-sentence cooperation, and (b) Assistant U.S. Attorney Thomas McKay was contacted by Michael Monico, Esq. (see exhibit "D"). We interpret U.S. Attorney McKay's disinterest as both unwarranted, and inappropriate, as the House Judiciary Committee writes its Impeachment Report.

Local U.S. Attorney's Offices routinely "sign up" cooperators, and call witnesses with documented histories of violence, corruption, and prior false misstatements as and where appropriate. As Assistant U.S. Attorney McKay knows, your office indicted my client, Merlin Alston (*United States v. Merlin Alston*, 15-cr-435 [CM]), and called a trifecta of drug traffickers to convict a perceived corrupt police officer. One "Guy" Reyes was sentenced by Chief Judge McMahon to "time served." He breached multiple cooperation agreements, and trafficked contraband while remanded. His "cooperation agreement" was not withdrawn.

Mr. Cohen, by contrast, is a first offender (criminal history category 1), who has proffered significant information concerning (a) the "Trump Organization," (b) the "Trump Foundation," (c) "Trump Organization" high level executives, and (d) Trump family members.

Mr. Cohen and President Trump are, I note, in active civil litigation in Supreme Court, New York County (*Cohen v. Trump*, Index # 651377/19)(see exhibit "E"). Attorney General Barr is on record as misstating the findings, and conclusions, of the report filed by Special Counsel Robert Mueller, Esq., and is now reported to be "out in front" of a report by the Justice Department's Inspector General's Office challenging its finding.

Attorney General Barr has, I note, intervened in *Trump v. Vance*, __ F. 3d 2019 W.L. 5687447 [2nd Cir. 2019], against sister local prosecutors on Hogan Place here in Manhattan. I was present when Mr. Consovoy, the President's lawyer, contended that, if President Trump shot someone

on Fifth Avenue, the Office of Legal Counsel (O.L.C.) memo would Constitutionally prohibit: (a) a police investigation, (b) arrest, and (c) filing a criminal complaint or indictment, and that both the President, and family members and Trump Organization high level employees cannot be prosecuted.

Finally, yesterday's New York Times, in an article∗ by respected news reporters Maggie Haberman and Adam Goldman, reference conversations which Mr. Cohen had with the President's counsel, Jay Sekulow, Esq., indicating that Mr. Sekulow instructed Mr. Cohen to mislead Congress by minimizing true duration actually occurred over a longer time period. These are all reportedly documented in 302 reports.

This office appears shockingly disinterested in investigating if Mr. Sekulow suborned perjury, and abetted obstruction of justice, at the possible behest of his client, the President of the United States. Why?

## THE LAW

Second Circuit Rule 35(b) law, in *United States v. Scarpa*, 155 F. Supp. 3d 234 [E.D.N.Y. per Korman, J. 2016] rev'd 861 F. 3d 59, 68-69 [2nd Cir.] *cert.* den. 138 S. Ct. 692 [2018]), recognized that a motion by the United States Attorney is not necessarily a *sine quo non* for court consideration of a defendant's Rule 35(b) motion if a District Judge finds, after a hearing, that the defendant was not treated in "good faith," and, as here, was essentially "programmed to fail." Here, Assistant U.S. Attorney McKay has refused to meet with Mr. Cohen since sentence was imposed, notwithstanding an attorney proffer as recently as November 1st, 2019.

Here, as noted, we do not seek a sentence reduction of even a single day. Rather, we seek a limited modification to "home confinement," coupled with an added community service component of one day per week. Such a sentence modification, in the context of a first offender convicted of non-violent violations, and who resides in Manhattan with his family, poses no discernible risk to public safety, and will, in turn, save the "Bureau of Prisons" (B.O.P.) considerable financial resources, and use of an additional prison camp bed.

Mindful that Defendant Cohen qualifies for "First Step" ameliorative sentencing relief, we respectfully urge your office not to oppose Defendant Cohen's application. I will await your response, and, as you will note, I have copied both Assistant U.S. Attorney Thomas McKay, and Criminal Division Chief Laura G. Birger, even though Ms. Birger did not respond to my November 26th email request for a meeting (copy enclosed).

Roger Bennet Adler
*Attorney for Defendant Michael Cohen*
233 Broadway, Suite 2340
New York, New York 10279

---

∗ "Memos Shed Light on Activities of Campaign and Trump Aides," 12/4/19 New York Times, page A-16