UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X
UNITED STATES OF AMERICA,

                Plaintiff,

        -v.-

MICHAEL COHEN,

                Defendant.
———————————————————X

**REPLY AFFIRMATION TO BE FILED UNDER SEAL**

18-cr-602 (WHP)
18-cr-852 (WHP)

MICHAEL COHEN makes the following allegations under the penalty of perjury:

1. Your Affirmant is the Defendant in connection with the above captioned case, and as such am familiar with the facts and circumstances surrounding this case. This Affirmation is respectfully submitted in response to the unsworn December 19, 2019 response submitted by Acting United States Attorney Audrey Strauss in response to the December 11th, 2019 Rule 35(b) motion which my post-judgment counsel ROGER BENNET ADLER filed on my behalf.

2. Affirmant's intent in preparing this submission is not motivated by a craving to "have the last word," or to needlessly rehash Your Affirmant's personal "backstory" involving a series of bad decisions, and flawed judgment., which were charged in a criminal Information, and which has cost Your Affirmant *inter alia* his:

    (a) reputation

    (b) law license

1

    (c) millions of dollars in:

        (i)    tax interest and penalties

        (ii)   accounting fees

        (iii)  legal fees

        (iv)  court fines and surcharges

3. However, in an effort to appropriately atone for his acknowledged conduct, Affirmant undertook to cooperate with various branches of the federal government, to wit:

    (a) Congress (Senate and House of Representatives)

    (b) the Justice Department

    (c) District Attorney, New York County

    (d) State Department of Taxation and Finance

    (e) State Attorney General's Office

4. In the face of all of the above cooperation, Acting United States Attorney Audrey Strauss's assigned assistants essentially say "So? Not enough." For the reasons which follow, Affirmant respectfully submits that the unsworn submission from the United States Attorney is legally (and procedurally) insufficient to defeat the relief which my counsel request – a hearing to quantify Affirmant's cooperation, and the Government's refusal to file a Rule 35 motion on his behalf.

## **BACKGROUND**

5. As noted in my original Affirmation (and not disputed by the Assistant United States Attorneys), Affirmant both sought, and attended, multiple separate proffer sessions with Assistant United States Attorneys, both attended by representatives from the Office of Special Counsel Robert Mueller, Esq., and thereafter

at 1 St. Andrews Plaza. For reasons best known to Government counsel, the Government has elected not to append (or file under seal) the proffer notes generated by the meeting in question.















## CONCLUSION

31. It is unimaginable to assert that, after 170-plus hours of testimony, before eight different governmental agencies, Affirmant's cooperation was not "substantial," and warranting of a Rule 35 sentence reduction. Cases have been opened, and the testimony provided by Affirmant has played a substantial role in the

prosecution of such cases as *United States of America v. Roger Stone**, and the pending United States Supreme Court hearing regarding release of President Trump's tax returns.

32. The S.E.O. and Congressional Chairs of four committees have all stated that the testimony I provided was both accurate, and truthful (see exhibit "C").

WHEREFORE, Affirmant respectfully prays that the motion be granted, and a hearing ordered.

Dated:  Otisville, New York
January 10, 2020

Michael D. Cohen