**ROGER BENNET ADLER, P.C.**
**COUNSELOR AT LAW**

233 BROADWAY-STE 2340
NEW YORK, N.Y. 10279

TEL. (212) 406-0181
FAX (212) 233-3801

*Via ECF*

March 9th, 2020

Hon. William H. Pauley
U.S. District Court, S.D.N.Y.
c/o United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: United States v. Michael Cohen**
(18-cr-602 [W.H.P.])
(18-cr-852 [W.H.P.])

Dear Judge Pauley:

I write to you as a followup to my February 28th letter seeking oral argument on my *sub judice* Rule 35 motion to note that the Government's position should be evaluated in light of the remarks by Your Honor's Washington, D.C. District Court colleague Reggie B. Walton characterizing Attorney General Barr's service as Attorney General as being "distorted" and "misleading" *vis a vis* the "Mueller Report."

It is, I note, this Attorney General whose office has opposed my client's sentence modification application. If, as Justice Oliver Wendell Holmes noted, "sunlight is the best disinfectant," then I submit that if not a hearing, then oral argument in open court is the appropriate legal pathway.

I will await your response.

Very truly yours,

Roger Bennet Adler
*Attorney for Defendant Michael D. Cohen*

RBA/gr

Cc:
**Via email**
Assistant U.S. Attorney Thomas McKay
Michael Monico, Esq.
Mr. Michael Cohen

**The New York Times** | https://nyti.ms/2vG03La

# Judge Calls Barr's Handling of Mueller Report 'Distorted' and 'Misleading'

The judge said the attorney general lacked credibility on the matter and said he would review the report to decide whether to make its redacted portions public.



By Charlie Savage

March 5, 2020

WASHINGTON — A federal judge on Thursday sharply criticized Attorney General William P. Barr's handling of the report by the special counsel, Robert S. Mueller III, saying that Mr. Barr put forward a "distorted" and "misleading" account of its findings and lacked credibility on the topic.

Mr. Barr could not be trusted, Judge Reggie B. Walton said, citing "inconsistencies" between the attorney general's statements about the report when it was secret and its actual contents that turned out to be more damaging to President Trump. Mr. Barr's "lack of candor" called into question his "credibility and, in turn, the department's" assurances to the court, Judge Walton said.

The judge ordered the Justice Department to privately show him the portions of the report that were censored in the publicly released version so he could independently verify the justifications for those redactions. The ruling came in a Freedom of Information Act lawsuit seeking a full-text version of the report.

The differences between the report and Mr. Barr's description of it "cause the court to seriously question whether Attorney General Barr made a calculated attempt to influence public discourse about the Mueller report in favor of President Trump despite certain findings in the redacted version of the Mueller report to the contrary," wrote Judge Walton, an appointee of President George W. Bush.

Mr. Barr's public rollout of the Mueller report has been widely criticized. Still, it was striking to see a Republican-appointed federal judge scathingly dissect Mr. Barr's conduct in a formal judicial ruling and declare that the sitting attorney general had so deceived the American people that he could not trust assertions made by a Justice Department under Mr. Barr's control.

A department spokeswoman had no immediate comment. The lawsuit centers on Freedom of Information requests by the Electronic Privacy Information Center and by Jason Leopold, a BuzzFeed News reporter.

Judge Walton's decision focuses on the period last spring between the delivery of the Mueller report to the attorney general, his publicly issued summary of it two days later that drew widespread condemnation and the release of the report itself a month later that revealed several discrepancies between the documents.

Among those Judge Walton cited: Mr. Barr's obfuscation about the scope of the links that investigators found between the Trump campaign and Russia, and how the report documented numerous episodes that appear to meet the criteria for obstruction of justice, echoing the complaints of many critics of Mr. Barr's summary of the report.

The attorney general issued an initial four-page letter in March 2019 — two days after receiving the 381-page Mueller report — that purported to summarize its principal conclusions. But within days, Mr. Mueller sent letters to Mr. Barr protesting that he had distorted its findings and asking him to swiftly release the report's own summaries. Instead, Mr. Barr made the report public only weeks later, after a fuller review to black out sensitive material.

Among the issues Judge Walton flagged: Mr. Barr declared that the special counsel had not found that the Trump campaign had conspired or coordinated with Russia in its efforts to influence the 2016 presidential election, and left it at that.

But while Mr. Mueller did conclude that he found insufficient evidence to charge any Trump associates with conspiring with the Russians, Mr. Barr omitted that the special counsel had identified multiple contacts between Trump campaign officials and people with ties to the Russian government and that the campaign expected to benefit from Moscow's interference.

Judge Walton also wrote that the special counsel "only concluded" that the investigation did not establish that the contacts rose to "coordination" because Mr. Mueller interpreted that term narrowly, requiring, in the report's words, agreement that is "more than the two parties taking actions that were informed by or responsive to the other's actions or interests."

In addition, Mr. Barr told the public in March that Mr. Mueller had made no decision about whether the president obstructed justice, then pronounced Mr. Trump cleared of those suspicions.

But Mr. Barr "failed to disclose to the American public," Judge Walton wrote, that Mr. Mueller had explained that it would be inappropriate to make a judgment while the president was still in office about whether he committed obstruction crimes. The report also said that if the evidence had cleared Mr. Trump, Mr. Mueller would have said so, but he was unable to exonerate him.

"The speed by which Attorney General Barr released to the public the summary of Special Counsel Mueller's principal conclusions, coupled with the fact that Attorney General Barr failed to provide a thorough representation of the findings set forth in the Mueller report, causes the court to question whether Attorney General Barr's intent was to create a one-sided narrative about the Mueller report — a narrative that is clearly in some respects substantively at odds with the redacted version of the Mueller report," Judge Walton wrote.

The judge also blasted similar "inconsistencies" in public comments made by Mr. Barr hours before he released the redacted version of the report in April.

Because of that pattern, Judge Walton wrote, he could not look away from the fact that the portions of the Mueller report that the Justice Department was withholding in the Freedom of Information Act case mirrored the deletions made under Mr. Barr's guidance in the version of the report released in April.

That echoing, he wrote, causes "the court to question whether the redactions are self-serving and were made to support, or at the very least to not undermine, Attorney General Barr's public statements and whether the department engaged in post-hoc rationalization to justify Attorney General Barr's positions."

Appointed to the Federal District Court bench in Washington in 2001, Judge Walton has presided over a variety of high-profile cases, including the perjury trial of the former baseball pitcher Roger Clemens and the trial of I. Lewis Libby Jr., the onetime chief of staff to Vice President Dick Cheney who was convicted of lying in connection with the leak of the identity of a C.I.A. operative. Mr. Trump pardoned Mr. Libby in 2018.

A former prosecutor who handled drug and street crime cases, Judge Walton is known for handing down tough sentences and for being careful and methodical. He also once broke up a street brawl near the courthouse.

The Mueller ruling was not the first time that Judge Walton had criticized the actions of the Barr Justice Department. Last month, he unsealed the transcript of a September closed-door meeting with prosecutors about whether and when the department was going to charge Andrew G. McCabe, the former acting F.B.I. director whom Mr. Trump has vilified for his role in the Russia case, in connection with a leak investigation.

Noting in that September hearing that prosecutors had said to him weeks earlier that a decision about charging Mr. McCabe could come "literally within days," Judge Walton chastised them for stringing along Mr. McCabe and noted the president's comments about Mr. McCabe with disapproval, saying they created the appearance of a "banana

republic."

"I don't think people like the fact that you got somebody at the top basically trying to dictate whether somebody should be prosecuted," the judge said, adding that even if Mr. Trump's moves were "not influencing the ultimate decision, I think there are a lot of people on the outside who perceive that there is undue, inappropriate pressure being brought to bear."

Nevertheless, the Justice Department continued to keep Mr. McCabe hanging for another five months, announcing only last month that he would not be charged. Hours later, Judge Walton unsealed the transcript of the closed September hearing, which was part of a Freedom of Information lawsuit filed by the liberal watchdog group Citizens for Responsibility and Ethics in Washington.

Adam Goldman contributed reporting.