**ROGER BENNET ADLER, P.C.**
**COUNSELOR AT LAW**

233  BROADWAY-STE 2340                                              TEL. (212) 406-0181
NEW YORK, N.Y. 10279                                                FAX  (212) 233-3801

March 23rd, 2020

*<u>Via ECF</u>*
Hon. William H. Pauley
U.S. District Court, S.D.N.Y.
c/o United States Courthouse
500 Pearl Street
New York, NY 10007

<u>Re: United States v. Michael Cohen (Rule 35)</u>
(18-cr-602 [W.H.P.])
(18-cr-852 [W.H.P.])

Dear Judge Pauley:

     I write in response to the Government's March 23rd letter responding to mine of March 17th, which noted the spread of the coronavirus across New York State, the metropolitan region, and soon across the country. Assistant U.S. Attorney McKay's response was lawyer-like, skilled and not aligned with the views expressed by President Trump, as reflected in the attached news article.

     New York State is currently in a medical emergency, as is the nation. The attached news article reflects that Main Justice, and the President, recognize the current risk of serious illness, and potential death to which Bureau of Prisons inmates are exposed, raising serious and deep concerns. I see no recognition of these aspects of the illness anywhere in the Government's submission. Indeed, it is my understanding that the Otisville Camp does not have ready access to hand sanitizer for its inmates to avoid contracting the coronavirus.

     The coronavirus has overwhelmed our nation. It has raised a significant public health concern, which has turned our economic existence into a disaster, and required the reformulation of even small gatherings. None of us can go out to eat at a restaurant, see a movie, or get a haircut. None of these known changes driven by the disease which is killing thousands is voiced in Mr. McKay's submissive.

     My understanding is that S.D.N.Y. Judges met late last week in order to both address, and discuss, the impact of the coronavirus. It being a private meeting, I will not speculate concerning what views were shared, and what action individual judges decided to take as a consequence thereof. Nonetheless, the existence of the meeting, and that which was shared at the meeting, I urge the Court to take notice of it in determining where the equities lie.

      I plead guilty to a lack of ready access to documents providing a greater nexus between the coronavirus and a need to appropriately explore available legal remedies. I am out of my office by gubernatorial order, and do not know when I will next be able to return. We do know, however, that your S.D.N.Y. colleagues are considering the impact of the virus and related decisions are now being made.

      The issue was raised in the context of a sentence modification - not a sought durational reduction. The seriousness of the coronavirus requires more light, less heat, and the need to recognize Eighth Amendment implications, and the powers emanating from Sentencing Guideline Section 1B 1.13 (compassionate release for extraordinary and compelling reasons). Indeed, your colleague, Judge Nathan, has recognized the clear and present danger of the coronavirus in *United States v. Stevens*.

      We request the Court to seek appropriate input from the Federal Bureau of Prisons documenting the absence of hand sanitizer and the actual living arrangements which Otisville Camp inmates are required to reside in. The six-foot distancing directed by Dr. Fauci and others is simply not being followed.

      Mr. Cohen has had two hospitalizations, and a pre-existing condition of pulmonary issues. I reiterate my belief that the coronavirus provides a basis for an appropriate modification of the venue in which his previously imposed sentence will be served, and that the sentence of 36 months should not end up being a capital crime depriving my client of his life.

      Very truly yours,

      /s/Roger B. Adler
      Roger Bennet Adler
      *Attorney for Defendant Michael D. Cohen*

RBA/gr

Cc:

**<u>Via email</u>**
Assistant U.S. Attorney Thomas McKay

**<u>Via 1st Class Mail</u>**
Mr. Michael D. Cohen
Inmate # 86067-054
c/o Otisville Camp
P.O. Box 1000
Otisville, New York 10963

# Trump considering releasing elderly, nonviolent offenders from federal prisons to contain coronavirus

by Tim Pearce | March 22, 2020 07:16 PM

President Trump is considering issuing an executive order to release elderly, nonviolent offenders from federal prisons amid the coronavirus pandemic.

The president said he was considering the move on Sunday during a press conference on the fight to contain the coronavirus. The virus has proved to be particularly contagious in prisons and jails where large numbers of inmates live in close proximity to each other. Rikers Island in New York City has reported nearly 40 cases of the COVID-19 virus among guards and prisoners.

"We're going to take a look at it. It's a bit of a problem," Trump said when asked about the potential order, later adding, "We're talking about totally nonviolent prisoners, we are actually looking at that, yes."

Trump began the meeting by announcing that he had activated the National Guard to bring aid and assistance to New York and Washington and plans to approve a similar request for aid by California soon.