# GerstmanSchwartz LLP
## ATTORNEYS AT LAW

December 7, 2022

**VIA CM/ECF & EMAIL**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> The Government shall file a response to this motion no later than December 16, 2022. No reply will be permitted absent prior leave of Court. The Clerk of Court is directed to docket this endorsed document in both of the below-captioned cases. SO ORDERED.
>
> *[signature]*      December 8, 2022

Re: <u>United States v. Michael Cohen, 18-Cr-602 and 18-Cr-850</u>

Dear Judge Furman:

    Please be advised that the Law Offices of Gerstman Schwartz LLP represents Mr. Michael Cohen, for purposes of seeking your Honor's intervention in requesting that you discharge Mr. Cohen from Supervised Release. On July 6, 2022, we made the same application to your honor in which you denied our application on July 15, 2022, without prejudice as premature. We are now respectfully bringing the same application in which Mr. Cohen's term of supervised release commenced on November 22, 2022 and he has served over one year of his release.

    Under 18 U.S.C. § 3583(e)(2), the court may, after considering the applicable factors in 18 U.S.C. § 3553(a), "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]"

    Obviously, given the profile of Mr. Cohen's prosecution, it is widely understood that Mr. Cohen endeavored to provide meaningful assistance to the government, at least as far as this term is colloquially understood.[1] There is no question that Mr. Cohen and his family have paid the price

---

[1] Mr. Cohen proved to be an invaluable governmental asset by assisting authorities in various investigations. Some of his notable contributions include:

1. Manhattan District Attorney's Office: Three meetings while in prison and 12 in total. Mr. Cohen had no obligation to meet with the Manhattan District Attorney's Office, and he received no benefit from doing so.
2. New York Attorney General's Office: Three meetings with Attorney General Letitia James both before and after Mr. Cohen's sentence. He voluntarily provided the NYAG with several important documents.
3. Southern District of New York: Mr. Cohen met with the SDNY and Special Counsel's Office (SCO) of the Department of Justice before the entry of his plea in August 2018. Mr. Cohen participated in 7 voluntary interviews with both offices.
4. Special Counsel's Office: Mr. Cohen met with the SCO roughly 10 times regarding the Mueller probe – albeit the inquiries falling outside conventional framework in which courts routinely engage in.

GERSTMANSCHWARTZ.COM

1399 Franklin Avenue, Suite 200, Garden City, N.Y. 11530    OFFICE: 516.880.8170    FAX: 516.880.8171

for his transgressions. No doubt, it will also not be lost on this court that he has taken full responsibility for his actions.

We would respectfully venture further, that Mr. Cohen presents no risk of recidivism and is a model candidate for a cessation of Supervisory Release. Indeed "[i]n the federal courts, supervision is … a way to monitor the activities and behavior of people released to the community by the federal courts or paroling authorities….[and] … an opportunity to help offenders reintegrate into the community following a period of incarceration…The desired outcomes of supervision are the execution of the sentence and the protection of the community by reducing the risk and recurrence of crime and maximizing defendant success during the period of supervision and beyond. The goal in all cases is the successful completion of the term of supervision, during which the defendant commits no new crimes; is held accountable for victim, family, community, and other court-imposed responsibilities; and prepares for continued success (i.e., refraining from further crime) through improvements in his or her conduct and condition."[2]

It is clear that the goals of supervision have been fulfilled. Mr. Cohen has exceeded all of his court-imposed responsibilities, is a loving husband and father, presents no risk of recurrence, and generally does not require the social services support to appropriately reintegrate into society. In fact, continuing supervision is his only remaining hinderance in terms of being able to reassimilate into the community.

Mr. Cohen began serving his sentence of 36 months imprisonment and 3 years of Supervised Release on or about May 6, 2019. Mr. Cohen's petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, was dismissed on April 20, 2021 for procedural reasons. Specifically, the court articulated that his petition was denied because it was premature and not ripe for review considering the First Step Act was not fully implemented. Although the petition was rejected for the noted reasons, we ask this court to reconsider it as a factor in Mr. Cohen's current application for a discharge from Supervised Release. The instrumental arguments made in favor then should otherwise obtain now.[3]

While Mr. Cohen was imprisoned at Otisville, he earned numerous certificates upon completion of many programs that would have otherwise counted towards First Step Act points.[4] Because of the timing, Mr. Cohen was never credited with those points. These programs are just

---

5. United States Congress: Specifically, Mr. Cohen met with the House Oversight Committee on three occasions, the House Intelligence Committee on three occasions, the Senate Intelligence Committee on three occasions, and individual Members of Congress for countless hours preparing them for hearings.

[2] https://www.uscourts.gov/services-forms/probation-and-pretrial-services/probation-and-pretrial-services-supervision

[3] Mr. Cohen's Habeas Corpus Petition enunciated that he had a right to time credits under the First Step Program and if not granted, he would spend more time in confinement than required under the law. This argument was premised as a denial of Mr. Cohen's fundamental due process rights. See Ex. A attached.

[4] See Ex. B attached.



one barometer indicative of his rehabilitation which favor his discharge from Supervised Release. Furthermore, Mr. Cohen reached out to Darrin Howard, Regional Counsel of the Northeast Region of the Federal Bureau of Prisons, more than 30 times regarding his First Step Act points without receiving any correspondence.

Of course, as a matter of law, Judge John Koeltl's determination that Mr. Cohen's previous application for a Writ of Habeas Corpus was premature was spot on. However, over a year has passed since, and with this in mind, we respectfully request that this court abridge Mr. Cohen's term of Supervised Release that started on November 22, 2021.

We are asking that you consider the totality of the circumstances surrounding the remainder of Mr. Cohen's term of Supervised Release. Once again, it bears repeating that Mr. Cohen has fully acknowledged his crimes, and his participation with the government offices, as articulated in Footnote 1, has provided substantial and meaningful assistance in other prosecutions and investigations. Given the volume and quality of evidence that Mr. Cohen has provided to authorities, at great personal expense, we believe that an early release would encourage similarly situated figures to take an active role in cooperating in high profile investigations that are rife with consequence.

It warrants noting that, Mr. Cohen paid his IRS tax deficiency prior to his sentencing and all fines and penalties have been paid. He had an additional 12 meetings with the Manhattan District Attorney's office and has committed no offenses while he was incarcerated or while he has been on home confinement. We also ask that you consider the extensive cooperation Mr. Cohen has given to prosecutors from various agencies as well as other governmental authorities which he has never received any credit for. Justice would be served in our humble assessment if you factor all the cooperation into this decision on our application for termination of Supervised Release.

Further, in sum and substance, Mr. Cohen has substantively complied with the spirit of the First Step Act. He successfully completed evidence-based recidivism reduction programming and was determined to be at a low risk for recidivating; thus, he is the definition of an Eligible Prisoner. To this end, it warrants noting that he received numerous Certificates at FCI Otisville including Doing Time with The Right Mind, Freedom from Drugs Program, Victim Impact Orientation Workshop, and the Intervention 2 Program.

Michael Cohen has clearly demonstrated that he has been rehabilitated, and given the fact that he has committed no further offenses; has been a model inmate in prison, home confinement and supervised release; has substantially cooperated with all government authorities; substantially complied with the First Step Act program (receiving no credit on technical grounds) we respectfully urge that Michael Cohen is the perfect candidate to be discharged from Supervised



Release which would communicate to the wider community that justice is tempered by mercy and is proportionally administered.

We appreciate Your Honor's consideration.

Respectfully submitted,

David M Schwartz, Esq.
Attorney for Michael Cohen

cc: All counsel of record (via ECF)