

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 16, 2022

**BY ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Michael Cohen*, 18 Cr. 602 (JMF)

Dear Judge Furman:

The Government writes in response to defendant Michael Cohen's letter seeking the early termination of his three-year term of supervised release. Many of the arguments in Cohen's application are meritless and should be rejected. While consideration of the relevant factors presents a close question as to whether the Court should grant the relief Cohen seeks, ultimately the Government believes that the motion should be denied.

### I. Background

Between 2012 and 2017, Cohen committed what Judge Pauley, who presided over Cohen's pleas and sentencing, described as a "veritable smorgasbord of fraudulent conduct." (Transcript of Dec. 12, 2018 Sentencing ("Sent. Tr.") at 34). Cohen evaded income taxes by failing to report more than $4 million in income during tax years 2012 through 2016. (*See* Presentence Investigation Report dated Dec. 4, 2018 ("PSR") at ¶¶ 18-27). He lied to multiple banks to obtain financing on favorable terms. (PSR ¶¶ 28-35). He violated campaign finance laws by carrying out two complex schemes to purchase the rights to stories – each from women who claimed to have had an affair with a Presidential candidate – so as to suppress the stories and thereby prevent them from influencing the Presidential election. (PSR ¶¶ 36-56). And, in 2017, he lied to the United States Congress in sworn testimony. (PSR ¶¶ 62-73). Cohen pled guilty to nine counts in two consolidated cases: (i) five counts of tax evasion, in violation of 26 U.S.C. § 7201; (ii) one count of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014; (iii) two counts of making unlawful campaign contributions, in violation of 52 U.S.C. § 30109(d)(1)(A); and (iv) one count of making a false statement to the Congress, in violation of 18 U.S.C. § 1001(a)(2). Ultimately, Judge Pauley sentenced Cohen to 36 months' imprisonment, to be followed by a three-year term of supervised release. (Sent. Tr. 36).

Cohen began serving his custodial sentence in May 2019. Cohen later sought to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35, relying principally on the same purported cooperation that he now cites in service of his motion for early termination of supervised

release.  (*See* Dkt. 51).  Judge Pauley denied the motion, finding that the Government's memorandum in opposition "makes clear" that "Cohen made material and false statements in his post-sentencing proffer sessions" and concluding that "it's time that Cohen accept the consequences of his criminal convictions for serious crimes that had far reaching institutional harms."  (Dkt. 72 at 2).  Judge Pauley similarly denied Cohen's request for a modification of his sentence based on the COVID-19 pandemic.  (*Id.*).  The Bureau of Prisons nevertheless transferred Cohen to furlough and then home confinement, such that Cohen only served slightly more than one year of his three-year custodial sentence in a BOP facility, and spent the remaining time in his Park Avenue residence.  Judge Koeltl subsequently denied as premature a petition filed by Cohen under 28 U.S.C. § 2241 to reduce his "custodial" term based on Cohen's claims about the proper calculation of certain earned time credits.  (*Cohen v. United States*, 20 Civ. 10833 (JGK), Dkt. 24).

Cohen's term of supervised release commenced on November 22, 2021, and thus he has just under two years remaining on supervison.  Cohen sought early termination of supervised release in July 2022, but the Court denied that application without prejudice as premature.  (Dkt. 80).

## **II. Applicable Law**

A court may, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

"Courts do not order early termination of supervised release as a matter of course."  *United States v. Stein*, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020).  Rather, such relief may "[o]ccasionally" be justified by "new and unforeseen circumstances."  *United Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).  Such circumstances may include when "exceptionally good behavior by the defendant . . . render[s] a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Id.*

Mere compliance with the terms of supervised release does not constitute exceptionally good behavior, let alone behavior that renders a previously imposed term of supervision too harsh or inappropriate to serve the goals of sentencing.  This is because "full compliance" is "what is expected."  *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *2 (E.D.N.Y. Jan. 9, 2018).  Thus, "courts in this circuit have routinely declined to terminate supervised release based solely on compliance with the terms of supervision."  *Stein*, 2020 WL 4059472, at *2 (collecting cases); *see also United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.").

### III. Discussion

Before turning to the applicable Section 3553(a) factors, the Court should reject three of the arguments set forth in Cohen's letter.

First, the letter states that "it is widely understood that Mr. Cohen endeavored to provide meaningful assistance to the government, at least as far as this term is colloquially understood" and that "it will also not be lost on this court that he has taken full responsibility for his actions." (Letter at 1-2 & n.1). The Government previously set forth many of the lies told by Cohen that caused the Goverment to not credit his attempts at cooperation, as well as Cohen's repeated attempts to minimize his own conduct after his guilty plea. (*See* Dkt. 58 at 4-6, 10-11). As Judge Pauley found, that submission "makes clear" that "Cohen made material and false statements in his post-sentencing proffer sessions." (Dkt. 72 at 2). In March 2020, rejecting Cohen's Rule 35 motion, Judge Pauley stated that "it's time that Cohen accept the consequences of his criminal convictions for serious crimes." (Dkt. 72 at 2). Yet since that time Cohen has done anything but, going so far as to write a book that apparently makes the false claim that he was pressured to plead guilty and criticizes the late Judge Pauley as having "failed miserably" to be "fair and impartial."[1] Cohen may write what he wants, but he cannot simultaneously make such claims and argue to this Court that he has "taken full responsibility for his actions."

Second, Cohen states in conclusory fashion that "continuing supervision is his only remaining hinderance in terms of being able to reassimilate into the community." (Letter at 2). Cohen offers no explanation as to how the relatively modest restrictions imposed upon him have created any obstacles for him. He has, for example, been granted permission for leisure travel to Italy, with future international travel permitted at the discretion of the Probation Office. (Dkt. 75). Courts have routinely rejected more substantial claims of hardship. *See, e.g.*, *Shellef*, 2018 WL 3199249, at *3; *United States v. Gonzales*, No. 94-CR-0134, 2015 WL 4940607, at *2 (S.D.N.Y. Aug. 3, 2015).

Third, Cohen refers to his procedurally dismissed habeas corpus petition, which had sought credit he believes he earned against his custodial sentence. (Letter at 2-3 & n. 3). Cohen was not in fact entitled to those credits, as the Government explained in that case. (*See Cohen v. United States*, 20 Civ. 10833 (JGK), Dkt. 12 at 12-14). In any event, it is questionable whether a miscalculation of his custodial sentence would be a proper ground for the relief Cohen seeks here. *See Lussier*, 104 F.3d at 35. And to the extent Cohen is making an equitable argument, it bears noting that Cohen only served approximately one third of his custodial sentence in a BOP facility, instead spending the vast majority of his custodial sentence in home confinement.

Setting aside these arguments and focusing on the applicable factors in Section 3553(a), some factors favor Cohen's application, while others do not.

In Cohen's favor, continued supervised release does not appear necessary to provide Cohen with needed educational or vocational training, medical care, or other correctional treatment. *See*

---

[1] *See* https://www.msnbc.com/opinion/msnbc-opinion/michael-cohen-s-new-book-revenge-whiny-self-serving-n1300370 (reviewing and quoting from Cohen's book).

18 U.S.C. § 3553(a)(2)(D).  And Cohen has timely paid restitution (and other financial penalties). *See* 18 U.S.C. § 3553(a)(7).  Indeed, based on Cohen's payment of the financial penalties and his compliance with the terms of his supervision, the Probation Department has advised that it does not oppose Cohen's application.

On the other hand, mere compliance is not a sufficient basis to warrant early termination of supervision, *see supra* p. 2, and several of the applicable factors weigh agaipst granting the relief Cohen seeks.  Given that Cohen's offenses constituted a "veritable smorgasbord of fraudulent conduct" (Sent. Tr. 34) over a multi-year period and he elsewhere continues to minimize or deny his own criminal conduct, the nature and circumstances of the offense, the history and characteristics of the offender, and the need for specific deterrence all weigh against Cohen's application.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B).  Moreover, Judge Pauley emphasized general deterrence at sentencing (Sent. Tr. 33), and "[r]etroactively lightening the defendant's sentence simply because he has complied with his legal obligations would undermine that goal," *Stein*, 2020 WL 4059472, at *2.

Ultimately, while consideration of the applicable factors presents a close question, the Government believes that the motion should be denied.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

By: _____
                                                Thomas McKay / Nicolas Roos
                                                Assistant United States Attorneys
                                                (212) 637-2200

cc:  Counsel of Record (by ECF)