

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 4, 2023

**BY ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *United States v. Michael Cohen*, 18 Cr. 602 (JMF)

Dear Judge Furman:

  The Government writes in opposition to defendant Michael Cohen's fourth motion for the early termination of his three-year term of supervised release. The Court should deny Cohen's request for the same reasons the Court denied his requests in 2022 and in June 2023. (Dkt. Nos. 83, 87; *see also* Dkt. No. 80.) In denying Cohen's last request, the Court noted that the defendant's statements in his "book and television appearance suggest that a reduction of [his] supervised release term would not serve the purposes incorporated by reference in 18 U.S.C. § 3583(e), including deterrence, rehabilitation, or proportionality." (Dkt. 87 (citing *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).) Since then, under oath in a judicial proceeding, Cohen again attempted to walk back his guilty plea to tax evasion. His renewed request for early termination should be denied because Cohen has failed to identify any new extraordinary or sufficiently compelling reasons for his request, has continued to deny responsibility for his own criminal conduct, and appears to have lied under oath in a court proceeding.

  The Court is familiar with the procedural history of this case from the parties' prior briefing. (Dkt. Nos. 82, 86.) Cohen pled guilty to evading income taxes, lying to multiple banks, and violating the campaign finance laws. (Dkt. 23.) He was sentenced to 36 months' imprisonment, to be followed by a three-year term of supervised release. (Dkt. 29). Cohen then sought a sentence reduction pursuant to Federal Rule of Criminal Procedure 35, which was denied, followed by multiple requests for early termination of supervised released, all of which were denied. (Dkt. Nos. 72, 80, 83, 87.) Cohen's latest motion, like the prior ones, may be considered based on factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(e)(1). Mere compliance with the terms of supervised release—including the Probation Department's assessment that there have been no issues with Cohen's supervision—does not constitute exceptionally good behavior that renders a previously imposed term of supervision too harsh or inappropriate to serve the goals of sentencing. (Dkt. No. 86.)

  All of the reasons that existed previously for denying Cohen's request for early termination have not changed. (Dkt. Nos. 82, 86.) Cohen claims that his testimony in *State of New York v.*

*Donald J. Trump* constitutes a "substantial change in circumstances" warranting early termination. (Dkt. No. 88 at 1.) But Cohen's conduct during his October 2023 testimony is a reason to deny his motion, not grant it.

During his October 2023 state court testimony, Cohen testified that he was not guilty of tax evasion and had lied to Judge Pauley during his guilty plea, doubling down on similar statements Cohen had made on television and in his book. At his plea, Cohen stated under oath that he "evaded paying substantial taxes on certain income," but he denied such conduct more recently. Specifically, Cohen testified as follows:

> Q: Have you ever made any public statements concerning the legitimacy of those convictions?
>
> A: More than one.
>
> Q: And why did you do that?
>
> A: Because *there was no tax evasion*. At best, it could be characterized as a tax omission. I have never in my life not paid taxes. I have never requested an extension until 2017. Every year I had paid, no extensions on time, what my CPA accountant directed me to pay.
>
> Q: Were there, in fact, crimes that you pled guilty to that you did feel you were guilty of committing those crimes?
>
> A: Yes.
>
> Q: So why, then, are you making statements about the legitimacy of the Southern District convictions if there are some that you feel, for example, were not crimes like a tax omission?
>
> A: One has nothing to do with the other. *The tax violations as I've stated many times should not have been brought in and of itself.* The same with the HELOC violation. I had had a HELOC on my property for more than a decade and I wanted to correct the record because when all of this started, it was overwhelming, the amount of misinformation, disinformation, mal information about me was overwhelming and enormous.

(Dkt. No. 88-1, Tr. 2188-2189 (emphasis added).) After being asked about his sworn guilty plea allocution, Cohen claimed that he "lied" to Judge Pauley:

> Q: Did you lie to Judge Pauley when you said that you were guilty of the counts that you said under oath that you were guilty of? Did you lie to Judge Pauly?
>
> A: Yes.

(*Id.*, Tr. 2288.)

> Q: But you earlier testified today that you omitted, you didn't evade, isn't that right?
>
> A: I did say that.
>
> Q: Right. So you lied when you said that you evaded taxes to a judge under oath; is that correct?

>   A: Yes.

(*Id.*, Tr. 2289-90.)

>   Q: Mr. Cohen, as a clarifying point, yesterday was the first time you admitted in open court that you lied to Judge Pauley, correct?
>   A In open court?
>   Q: Yes.
>   A: Yes.

(Dkt. No. 88-2, Tr. 2317.) Referring to Judge Pauley's questions at his plea, Cohen testified:

>   Q: And in response to those questions, you lied to him; true?
>   A: That's true.

(*Id.*, Tr. 2433.) Again, referencing his guilty plea, Cohen testified:

>   Q: So, sir, you lied at the time -- you lied more than once in federal court, correct?
>   A: Correct.
>   Q: When the stakes affected you personally, right?
>   A: Correct.
>   Q: And you mislead a federal judge?
>   A: Yes.

(*Id.*, Tr. 2437.) Cohen previously made similar statements on television and in his book. And those statements were one of the reasons his last application was denied. Cohen's recent testimony is evidence that Cohen has continued to distance himself from accepting responsibility. To be clear, Cohen was guilty of tax evasion over a period of years. He pled guilty to it, purported to take responsibility for it at his sentencing (and received credit for accepting responsibility), and the Government had sufficient evidence to prove him guilty of tax evasion beyond a reasonable doubt had he gone to trial. Cohen's testimony that he lied during his plea proceeding shows that a reduction of his supervised release term would not serve the purposes incorporated by reference in 18 U.S.C. § 3583(e), including deterrence, rehabilitation, or proportionality.

The other arguments raised in Cohen's motion for early termination were previously raised and rejected. General compliance with terms his terms of supervised release, or the absence of infractions is alone not a basis for termination. Cohen complains that he is unable to make "spontaneous" visits to friends outside of Manhattan, and while acknowledging that he has been permitted to travel internationally, says that it has been "stressful, frustrating, and embarrassing." (Dkt. 88 at 5.) But courts have repeatedly held the mere inconvenience of the travel-approval process "does not arise to the level of new or unforeseen circumstances that would warrant early termination." *United States v. Gonzales*, No. 94 Cr. 134, 2015 WL 4940607, at *2 (S.D.N.Y. Aug. 3, 2015); *see also Shellef*, 2018 WL 3199249, at *3; *Whittingham v. United States*, No. 12 Cr. 971, 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017).

  The statutory factors do not favor early termination here. The nature and circumstances of the offense, the history and characteristics of the offender, and the need for specific deterrence all continue to weigh against Cohen's application, as they did previosuly. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B). Cohen's ongoing and escalating efforts to back away from his prior acceptance of responsibility is evidence of the ongoing need for specific deterrence. Cohen has not identified any considerations since his last motion that would tilt the balance in favor of early termination of supervised release here. Accordingly, because Cohen has failed to provide any fresh or sufficiently compelling reasons for the early termination of his supervision, the motion should be denied.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney


       By: /s/_____
          Nicolas Roos
          Assistant United States Attorney
          (212) 637-2421

cc: Counsel of Record (by ECF)